UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISSION CAPITAL PROPERTIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> SEAN DOMINGUEZ, PAIGE DOMINGUEZ, AND DOES 1-10, Inclusive, <br><br> Defendants. | Case No.: 17cv993-AJB- JLB <br><br> **ORDER SUA SPONTE REMANDING ACTION TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION** <br> **(Doc. No. 1)** |

On May 15, 2017, Defendants Sean and Paige Dominguez (collectively referred to as "Defendants") removed an unlawful detainer action filed in San Diego Superior Court to this Court. (Doc. No. 1.) The removal was based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441. (*Id.* ¶ 3.) For the reasons set forth below, the Court *sua sponte* **REMANDS** the action for lack of subject matter jurisdiction.

## **DISCUSSION**

**A.** **Subject Matter Jurisdiction**

After a review of Plaintiff Mission Capital Properties, Inc.'s ("Plaintiff") Complaint and Defendants' notice of removal, the Court notes that the only cause of action asserted in the present matter is for unlawful detainer. (*See generally* Doc. No. 1-2.) Accordingly,

1

the Court finds it lacks subject matter jurisdiction.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action from state court to federal court only if the district court could have original jurisdiction over the matter. 28 U.S.C. § 1441(a). "Removal statutes are strictly construed against removal." *Luther v. Countrywide Home Loan Serv., L.P.*, 533 F.3d 1031, 1034 (9th Cir. 2008). Moreover, there is a "strong presumption" against removal jurisdiction and the party seeking removal always has the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Remand is necessary if it appears from the face of the complaint that the court lacks subject matter jurisdiction over the removed action. *See id.* ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (citation omitted).

Here, the Court finds Plaintiff is bringing a single cause of action against Defendants for unlawful detainer. (*See generally* Doc. No. 1-2.) Thus, because this is a purely state law cause of action, the Court does not have federal question jurisdiction and must remand the matter. *See Galileo Fin. v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, at *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists."); *see also Southland Homes Real Estate & Inv., LLC v. Lam*, No. SACV 11-32-JST (RNBx), 2011 WL 781243, at *1 (C.D. Cal. Feb. 25, 2011).

In addition, the face of the Complaint clearly shows that this Court does not possess diversity jurisdiction over the matter. For a federal court to exercise diversity jurisdiction there must be "complete diversity" between the parties and the amount in controversy requirement of $75,000 must be met. *See* 28 U.S.C. § 1332(a). Here, the Complaint clearly states that Plaintiff seeks $70.00 per day in damages, beginning on March 7, 2017, for each day Defendants remain in possession of the subject premises. (Doc. No. 1-2 at 8.) As of

the date of this Order that amounts to $4900.00, which is far less than the $75,000.00 needed for diversity jurisdiction. Thus, the Court also lacks diversity jurisdiction over the matter. *See* 28 U.S.C. § 1332(a)(1); *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) ("[W]hen a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that [the] jurisdictional amount is met.'") (citation omitted.)

## **CONCLUSION**

Accordingly, for the reasons set forth above, the Court *sua sponte* **REMANDS** the action for lack of subject matter jurisdiction to the San Diego Superior Court.

**IT IS SO ORDERED**.

Dated: May 16, 2017

Hon. Anthony J. Battaglia
United States District Judge